# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

PRISCELLA R. SAINTAL,

        *Petitioner*,

vs.

SHERYL FOSTER, *et al.*,

        *Respondents*.

Case No. 2:13-cv-01295-APG-VCF

**ORDER**

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (ECF No. 35) to dismiss. Respondents seek the dismissal of Grounds 1 and 6 of the counseled amended petition as untimely and Grounds 8 and 10 as unexhausted.

### *Background*

Petitioner Priscella Saintal seeks to set aside her 2007 Nevada state conviction, pursuant to a jury verdict, of burglary, grand larceny, misdemeanor possession of stolen property, and gross misdemeanor conspiracy to possess stolen property, as well as her adjudication and sentencing as a habitual criminal. She ultimately was sentenced to two concurrent life sentences with eligibility for parole consideration after ten years.

Petitioner constructively filed the *pro se* original petition in this matter on or about July 18, 2013, and she filed a *pro se* amended petition on October 4, 2013, on the required form in response to the Court's initial screening order. No issue as to the timeliness of the original and amended *pro se* petitions has been raised herein. Counsel subsequently was appointed after respondents filed a motion to dismiss, which was denied without prejudice. Petitioner filed a counseled amended petition on January 19, 2016.

### *Discussion*

***Timeliness and Relation Back***

A claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the claim relates back to a timely-filed claim pursuant to Rule 15(c) of the Federal

Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5.

The Court is persuaded that Ground 1 relates back to a claim in the petitioner's timely *pro se* pleadings.

In Ground 1, petitioner alleges that, after the State filed a defective notice of intent to seek habitual criminal treatment that failed to cite the correct statutory provision, she was denied effective assistance of counsel because trial counsel advised her that she should reject a plea offer and instead go to trial because, due to the State's defective notice, she would be sentenced to less than the 5 to 20 year habitual criminal sentence offered in the proposed plea bargain even if she were convicted at trial.

This claim relates back to petitioner's earlier *pro se* claim that, after the State filed a defective notice of intent to seek habitual criminal treatment, she was sentenced as a habitual criminal notwithstanding the State's defective notice. (ECF No. 1-1, at 58-59.)[1] In this regard, the Court is not persuaded by the argument that the ineffective-assistance claim inherently arises from operative facts different in time and type from the original substantive claim in original Ground 2 because the

---

[1]The Court cites to the copy of the document as originally tendered with the pauper application because the headers with the page numbers are easier to read. All page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original transcript or document, unless noted otherwise.

-2-

ineffective-assistance claim is directed to defense counsel's actions before trial whereas the substantive claim is directed to the court's actions after trial at sentencing. The apposite governing principle instead is that a claim based upon a different legal theory that is tied to the same core of operative facts relates back to the prior claim. *Mayle*, 545 U.S. at 659 & n.5. Both the ineffective-assistance claim and the original substantive claim are tied to the same core of operative facts – the State's filing of a defective notice of intent to seek habitual criminal treatment that failed to cite the correct statutory provision. The ineffective-assistance claim presents a different legal theory tied to this same core of operative facts. *See, e.g., Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013)(amended claim of ineffective assistance of counsel for failing to raise double jeopardy claim related back to substantive claim in original petition).[2]

The Court is not persuaded, however, that Ground 6 relates back to a claim in petitioner's timely *pro se* pleadings.

In Ground 6, petitioner alleges that she was denied effective assistance of counsel when trial counsel failed to investigate and present exculpatory testimony and evidence from her sisters and husband. She alleges that the allegedly stolen Coach wallet found in the car with a Colorado identification card may have belonged to one of her sister's friends after a sister or daughter borrowed the car.

Even applying liberal construction of *pro se* pleadings to the fullest possible extent in this instance, there simply is nothing in the portion of petitioner's original *pro se* filing cited by petitioner's counsel that remotely presents a claim based on the same core of operative facts. The cited material only recites the broadest generalities regarding ineffective-assistance claims, apparently parroted from legal research case digest notations as petitioner was preparing the memorandum. There are no operative actual factual allegations that her counsel was ineffective for failing to investigate and present exculpatory testimony and evidence from her sisters and husband. (See ECF No. 1-1, at 20-22.)

---

[2]The Court additionally notes that it appointed counsel, following respondents' motion to dismiss, because the allegations in the *pro se* pleadings and memorandum of law were "largely indecipherable" and petitioner "apparently lacks the basic ability to make coherent claims for habeas relief in a written petition." (ECF No. 19, at 5.) The Court accordingly has applied the liberal construction accorded to *pro se* filings under the governing law to the fullest possible extent.

Habeas pleading is not notice pleading, and even in *pro se* pleadings a habeas petitioner must state the specific facts that allegedly entitle the petitioner to habeas relief. *See Mayle*, 545 U.S. at 655-56. Even under a more liberal notice pleading standard, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

The cited portion of the original *pro se* filing states no specific facts that would entitle Saintal to relief and thus states no claim. There is nothing to which to relate back to in the cited portion of the filing.

Petitioner urges that Ground 6 relates back to timely ineffective-assistance claims in the *pro se* filings because the ineffective-assistance claims rely on the same legal theory. Relation back, however, turns not upon whether claims allege – at an exceedingly broad level – the same legal theory but instead on whether the claims arise from the same core of operative *facts*. Ground 6 does not arise from the same core of operative facts as any claim identified by specific citation in the *pro se* filings.

Petitioner further urges that Ground 6 relates back to the prior filings because petitioner cited a case, *Doleman v. State*, 112 P.2d 278, 921 P.2d 278 (1996), that allegedly involved similar facts as Ground 6. A petitioner does not and cannot state a claim for relief by citing cases. She instead must allege the specific facts *from her case* in actual factual allegations stated expressly within the petition itself. The citation of *Doleman* – as support for the broad proposition that "[a]n accused is entitled to be assisted by an attorney who plays the role necessary to ensure a trial is fair" – stated no claim for relief and there can be no relation back to such a non-claim.[3]

---

[3]ECF No. 1-1, at 21. The Court further notes, strictly as an aside, that *Doleman* did not involve the same facts. In *Doleman*, counsel failed to contact and present the defendant's mother and sister as witnesses during the penalty
(continued...)

Petitioner further urges that Ground 6 relates back to the prior filings because the state supreme court addressed a corresponding claim in its order affirming the denial of state post-conviction relief and petitioner "referenced" the state supreme court's decision on page 4 of her *pro se* amended petition. Page 4 is a page in the form on which a petitioner states whether she has exhausted state judicial remedies. Petitioner's argument that such a "reference" to a state supreme court decision alleges all claims discussed therein for purposes of relation back is meritless. The fact that a claim was addressed in the state courts does not establish that it was presented in the petitioner's federal pleadings.

Ground 6 is untimely and will be dismissed with prejudice.

*Exhaustion*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a petition presenting unexhausted claims must be dismissed unless the petitioner seeks other appropriate relief.

---

[3](...continued)
phase in a capital murder trial. *Doleman* did not involve a failure to investigate and present witnesses with exculpatory evidence as to guilt. The similarity or dissimilarity between the two claims is irrelevant, however. Petitioner must allege facts, not cite cases, to state a claim for relief. Petitioner's relation-back argument is meritless, and the argument would be meritless even if the attorney in *Doleman* had failed to present exculpatory testimony in the guilt phase in that case as to alternative reasons for a Coach wallet being found in a car with a Colorado identification card in it.

The Court is not persuaded that Ground 8 is exhausted.

In Ground 8, petitioner alleges that the state trial court improperly admitted prior bad acts evidence and failed to provide a limiting instruction on the proper use of the evidence, in violation of her Fifth, Sixth, and Fourteenth Amendment rights to due process and to present a complete defense.

Petitioner presents no cogent argument that she fairly presented federal constitutional claims rather than only state law claims to the Supreme Court of Nevada on direct appeal. She urges that "she raised the issue of the introduction of bad act evidence in precise factual detail,"[4] but raising a state law claim in "precise factual detail" is not raising a federal constitutional claim.

Petitioner maintains that "even if Ms. Saintal did not raise Claim Eight as a federal claim," the Supreme Court of Nevada nonetheless adjudicated and exhausted the federal claims because it cited to *Castillo v. State*, 114 Nev. 271, 956 P.2d 103 (1998). Petitioner urges that the court's citation to *Castillo* signified that the state supreme court adjudicated federal claims that Saintal did not raise because the court held in *Castillo* that the admission of certain evidence did not violate the defendant's rights to due process and a fair trial.

The Court is not persuaded. The state supreme court cited *Castillo* in Saintal's case for the following broad proposition:

> District courts are granted considerable discretion in determining the admissibility of evidence. Castillo v. State, 114 Nev. 271, 277, 956 P.2d 103, 107-08 (1998), corrected on other grounds by McKenna v. State, 114 Nev. 1044, 1058 n.4, 968 P.2d 739, 748 n.4 (1998). . . . .

ECF No. 13-2, at 8. This citation to *Castillo* for such a broadly applicable principle of *state* law does not reflect that the Supreme Court of Nevada conducted a federal constitutional analysis in adjudicating petitioner's purely state law propensity evidence claim. Indeed, *Castillo* did not apply a federal constitutional analysis in adjudicating a claim of improper admission of propensity evidence. *Castillo* instead rejected a federal constitutional claim that the defendant in that case was denied due process and a fair trial because the trial court allowed repeated testimonial references to the booties that the victim knitted for her grandchildren. Citation to *Castillo* would not have exhausted a federal

---

[4] ECF No. 38, at 15.

constitutional propensity evidence claim even if petitioner had cited *Castillo* in her direct appeal briefs. *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005)("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Citation to *Castillo* certainly did not exhaust such a claim when it was cited for an unrelated broad principle of Nevada state law by the state supreme court.

Ground 8 is not exhausted.[5]

The Court further is not persuaded that Ground 10 is exhausted.

In Ground 10, petitioner alleges that the cumulative effect of the constitutional errors – apparently referring to all of the alleged errors in all of the substantive and ineffective-assistance claims in the preceding nine grounds – deprived petitioner of due process in violation of the Fifth and Fourteenth Amendments.

Petitioner essentially concedes that "the State may be correct that the cumulative error issue was limited to ineffective assistance of counsel in state post-conviction proceedings" in the state courts.[6]

Petitioner urges, however, that all of the individual substantive claims of error were exhausted. That is irrelevant. Petitioner did not exhaust a claim of cumulative error as to those individual substantive claims. Ground 10 is a claim of cumulative error, not individual substantive claims of error.

Petitioner further provides extensive argument as to the cumulative or total effect of error that must be considered on the merits as to sundry substantive claims. That also is irrelevant. The issue here is exhaustion, not the standards applied in adjudicating a particular constitutional claim.

Ground 10 is exhausted only to the extent that it is based on the cumulative effect of ineffective assistance of counsel.

---

[5]If the state supreme court in fact had adjudicated a federal constitutional propensity evidence claim on the merits, then petitioner likely would not be entitled to federal habeas relief on such a claim under deferential AEDPA review. The Ninth Circuit held in *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006), that a habeas petitioner cannot establish that a state court denial of such a claim was an unreasonable application of clearly established federal law because the United States Supreme Court expressly has left open the question of whether introduction of propensity evidence can violate due process. 458 F.3d at 866–67. Petitioner would have to establish the existence of such clearly established federal law under United States Supreme Court precedent extant at the time of the state supreme court's June 30, 2009, decision on Saintal's direct appeal, which she cannot do. *See, e.g., Greene v. Fisher*, 565 U.S. 34 (2011).

[6]ECF No. 38, at 17.

**IT THEREFORE IS ORDERED** that respondents' motion (ECF No. 35) to dismiss is **GRANTED IN PART** and **DENIED IN PART** such that: (a) Ground 6 is **DISMISSED** with prejudice as untimely; and (b) the Court holds that Ground 8 is unexhausted and that Ground 10 is unexhausted except to the extent that it alleges cumulative error based on claims of ineffective assistance of counsel.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for a partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **ten (10) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that she has conferred with counsel in this matter regarding her options, that she has read the motion, and that she has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.[7]

**IT FURTHER IS ORDERED**, pursuant to the Eleventh Amendment and Rule 2 of the Rules Governing Section 2254 Cases, that the State of Nevada is **DISMISSED** as a respondent herein and that the Attorney General of the State of Nevada shall be **ADDED** as an additional respondent herein.

Dated: September 25, 2017.

_____
ANDREW P. GORDON
United States District Judge

---

[7] The corrections department website reflects that petitioner has been released on parole. The Court has used the same deadlines in this regard that it typically does with a represented petitioner in custody, as it is not clear from the Court's vantage point whether contacting petitioner will be more or less difficult for counsel at this juncture.

Counsel further should note that this order calls specifically for the filing of a motion, not a declaration of abandonment or some other non-motion filing. The filing of a motion in this procedural context provides the Court with a more readily trackable filing on CM/ECF so that the Court then can insure that the case moves forward thereafter as expeditiously as possible.